1  BENJAMIN B. WAGNER
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone: (916) 554-2700

5  Attorneys for the United States

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,      )   2:11-CV-02738-GEB-DAD
                                  )
12               Plaintiff,       )
                                  )   STIPULATION AND ORDER FOR
13      v.                        )   INTERLOCUTORY SALE OF
                                  )   DEFENDANT PROPERTIES
14 REAL PROPERTY LOCATED AT 105   )
   THREE HILLS ROAD, HAYFORK,     )
15 CALIFORNIA, TRINITY COUNTY,    )
   APN: 019-530-23-00 INCLUDING   )
16 ALL APPURTENANCES AND          )
   IMPROVEMENTS THERETO,          )
17                                )
   REAL PROPERTY LOCATED AT 1150  )
18 CHROME MINE ROAD, HAYFORK,     )
   CALIFORNIA, TRINITY COUNTY,    )
19 APN: 019-530-24-00 INCLUDING   )
   ALL APPURTENANCES AND          )
20 IMPROVEMENTS THERETO,          )
                                  )
21 REAL PROPERTY LOCATED AT 241   )
   THREE HILLS ROAD, HAYFORK,     )
22 CALIFORNIA, TRINITY COUNTY,    )
   APN: 019-530-26-00 INCLUDING   )
23 ALL APPURTENANCES AND          )
   IMPROVEMENTS THERETO,          )
24                                )
   REAL PROPERTY LOCATED AT 1180  )
25 CHROME MINE ROAD, HAYFORK,     )
   CALIFORNIA, TRINITY COUNTY,    )
26 APN: 019-530-27-00 INCLUDING   )
   ALL APPURTENANCES AND          )
27 IMPROVEMENTS THERETO, and      )
                                  )
28                                )
                                  )

                      1               Stipulation and Order
                                      for Interlocutory Sale

REAL PROPERTY LOCATED AT 1210  )
CHROME MINE ROAD, HAYFORK,      )
CALIFORNIA, TRINITY COUNTY,     )
APN: 019-530-28-00 INCLUDING    )
ALL APPURTENANCES AND           )
IMPROVEMENTS THERETO,           )
                                )
            Defendants.         )
                                )
_____ )

The United States and claimants Lapoe Smith and Katherine Renee Smith hereby agree and stipulate to the following interlocutory sale pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

1.   The defendants in this action are described as real property located 105 Three Hills Road, Hayfork, California, Trinity County, APN: 019-530-23-00  (Parcel No. 1); 1150 Chrome Mine Road, Hayfork, California, Trinity County, APN: 019-530-24-00 (Parcel No. 2); 241 Three Hills Road, Hayfork, California, Trinity County, APN: 019-530-26-00 (Parcel No. 3); 1180 Chrome Mine Road, Hayfork, California, Trinity County, APN: 019-530-27-00 (Parcel No. 4); and 1210 Chrome Mine Road, Hayfork, California, Trinity County, APN: 019-530-28-00 (Parcel No. 5) including all appurtenances and improvements thereto and more fully described in Exhibit A attached hereto and incorporated herein by reference.

2.   On October 14, 2011, the United States filed a Verified Complaint for Forfeiture *In Rem* alleging that the defendant properties were subject to forfeiture on the grounds that the properties were involved in or traceable to a violation

Stipulation and Order
for Interlocutory Sale

of 31 U.S.C. § 5324(a)(3), or any conspiracy to commit such
violation, and are therefore subject to forfeiture to the United
States pursuant to 31 U.S.C. § 5317(c)(2);  and the real
properties were used or intended to be used, in any manner or
part, to commit, or to facilitate the commission of, a violation
of 21 U.S.C. §§ 841 *et seq.*, an offense punishable by more than
one year's imprisonment, and are therefore subject to forfeiture
to the United States pursuant to 21 U.S.C. § 881(a)(7).

3.  The record owner of the defendant properties is Lapoe
Smith, a married man as his sole and separate property.

4.  Beginning on November 9, 2011, for at least 30
consecutive days, the United States published Notice of the
Forfeiture Action on the official internet government forfeiture
site www.forfeiture.gov.  A Declaration of Publication was filed
on December 23, 2011.

5.  On November 11, 2011, Lapoe Smith filed a Verified Claim
in this action.  Furthermore, on November 11, 2011, Katherine
Renee Smith filed a Verified Claim in this action.  On December
9, 2011, Lapoe Smith and Katherine Renee Smith filed a joint
Answer.  There are no liens against the defendant properties.

6.  In late 2011, the claimants placed the defendant
properties on the market to be sold with Sharon Eggleston Real
Estate.  On or about January 3, 2012, claimants accepted a sales
offer in the amount of $160,000.00 on the defendant properties.
Escrow is estimated to close in the middle of March 2012.  The
buyer of the defendant properties are Toua Cheng and Roger Vue.

7.  No other parties have filed claims or answers in this
action, and the time in which any person or entity may file a

Stipulation and Order
for Interlocutory Sale

1  claim and answer has expired.

2      8.  The parties herein agree that the proposed sale of

3  defendant properties should proceed pursuant to Paragraphs 9

4  through 20 below.

5      9.  Claimants shall instruct the title/escrow officer, Sandy

6  Pope of First American Title in Redding, California, to wire the

7  net proceeds from the sale of the defendant properties to the

8  U.S. Department of the Treasury and to contact the U.S.

9  Attorney's Office, Asset Forfeiture Unit, to obtain specific

10  wiring instructions.

11      10.  The net proceeds from the sale of the defendant

12  properties will include all money realized from the sale of the

13  defendant properties, except for the following: real estate

14  commissions, amounts due to the holder of any valid lien which

15  was recorded prior to the time the United States' *Lis Pendens*

16  were recorded, real estate property taxes which are due and

17  owing, insurance costs, and any other miscellaneous costs/fees

18  incurred at closing through escrow.

19      11.  The net proceeds from the sale of the defendant

20  properties shall be wired to the U.S. Department of the Treasury,

21  at the close of escrow, to be deposited in the U.S. Department of

22  the Treasury Suspense Account.  Said proceeds will be substituted

23  as the res in this action and held pending further order of the

24  Court.

25      12.  Claimants will retain custody, control, and

26  responsibility of the defendant properties until the

27  interlocutory sale that is the subject of this Stipulation has

28  been completed.

Stipulation and Order
for Interlocutory Sale

13.  Each party to this Stipulation shall execute all documents and provide signatures necessary to close escrow, as required by the title company.

14.  All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting or sale of the defendant properties.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting or sale, as well as to those now known or disclosed.  The parties to this Stipulation waive the provisions of California Civil Code § 1542.

15.  Claimants shall maintain the defendant properties in the same condition and repair as existed as of the date of the posting, normal wear and tear excepted, until their custody, control and responsibility have ceased.  The term "maintain" shall include, but is not limited to, keeping the properties free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the properties clean and performing such necessary sanitation and waste removal; keeping the properties in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

16.  Claimants shall maintain all insurance policies currently in effect with respect to the defendant properties, including hazard insurance to cover all buildings and other improvements that are now located on the properties until the interlocutory sale is completed.  The insurance must cover loss

Stipulation and Order
for Interlocutory Sale

1  or damage caused by fire, hazards normally covered by "extended

2  coverage" hazard insurance policies, and liability to persons

3  injured on said properties and for property damage to the

4  defendant properties.

5       17.   Except as specifically provided herein, claimants shall

6  not convey, transfer, encumber, lien, or otherwise pledge the

7  defendant properties without the prior, written approval of the

8  United States.

9       18. All parties are to bear their own costs and attorneys'

10 fees.

11 ///

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Stipulation and Order
for Interlocutory Sale

1    19.   Pending the sale of the property, and the disposition

2  of the proceeds, the parties hereby stipulate that the U.S.

3  District Court for the Eastern District of California, Hon.

4  Garland E. Burrell, Jr., District Judge, shall retain

5  jurisdiction to enforce the terms of this compromise settlement.

6  Dated: 2/27/12                    BENJAMIN B. WAGNER
                                     United States Attorney
7

8                            By:  /s/ Kevin C. Khasigian
                                  KEVIN C. KHASIGIAN
9                                 Assistant U.S. Attorney

10

11 DATED: 2/21/12                   /s/ LaPoe Smith
                                    LAPOE SMITH
12                                  Claimant

13

14                    ACKNOWLEDGMENT

15 State of ____Texas____ )
                          )
16 County of ____Bexar____ )

17 On __2/21/12____, before me, David Zamarripa_____, Notary
   Public, personally appeared LaPoe Smith_____, who proved
18 to me on the basis of satisfactory evidence to be the person(s)
   whose name(s) is/are subscribed to the within instrument and
19 acknowledged to me that he/she/they executed the same in
   his/her/their authorized capacity(ies), and that by his/her/their
20 signature(s) on the instrument the person(s), or the entity upon
   behalf of which the person(s) acted, executed the instrument.
21
   I certify under PENALTY OF PERJURY under the laws of the State of
22 California that the foregoing paragraph is true and correct.

23 WITNESS my hand and official seal.

24                                  ┌────────────────────────────┐
                                    │    DAVID H. ZAMARRIPA       │
                                    │ Notary Public, State of Texas │
25 Signature /s/ David H. Zamarripa │   My Commission Expires     │
                                    └────────────────────────────┘
26 ///

27 ///

28 ///

Stipulation and Order
                                    for Interlocutory Sale

1

2  DATED: _2/21/12_                    /s/ Katherine Smith___
                                       KATHERINE RENEE SMITH
3                                      Claimant

4

5                       ACKNOWLEDGMENT

6  State of ____Texas_____ )
                             )
7  County of ___Bexar_____ )

8  On __2/21/12____, before me, _David Zamarripa_____, Notary
   Public, personally appeared ___Katherine R. Smith___, who proved
9  to me on the basis of satisfactory evidence to be the person(s)
   whose name(s) is/are subscribed to the within instrument and
10 acknowledged to me that he/she/they executed the same in
   his/her/their authorized capacity(ies), and that by his/her/their
11 signature(s) on the instrument the person(s), or the entity upon
   behalf of which the person(s) acted, executed the instrument.

12
   I certify under PENALTY OF PERJURY under the laws of the State of
13 California that the foregoing paragraph is true and correct.

14 WITNESS my hand and official seal.

15                                     ┌─────────────────────────────┐
                                       │   DAVID H. ZAMARRIPA         │
   Signature /s/ David H. Zamarripa    │ Notary Public, State of Texas│
16                                     │   My Commission Expires      │
                                       └─────────────────────────────┘
17

18

19 Dated: _2-24-12_                    /s/ David M. Michael___
                                       DAVID M. MICHAEL
20                                     Attorney for claimants
                                       Lapoe Smith and Katherine
21                                     Renee Smith

22                                     (Original signatures retained by
                                       attorney)
23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Stipulation and Order
                                       for Interlocutory Sale

1

**ORDER**

2      1.   The defendant properties shall be sold pursuant to the

3 terms set forth above in the Stipulation for Interlocutory Sale.

4      2.   The net proceeds from the sale of the defendant

5 properties shall be deposited into the U.S. Department of the

6 Treasury Suspense Account, substituted as the *res* herein, and

7 held pending further order of the Court.

8      3.   The forfeiture action pending shall proceed against the

9 substitute *res* in lieu of the defendant properties sold pursuant

10 to this Stipulation.

11      IT IS SO ORDERED.

12 Dated:  February 29, 2012

13

14 _____
     GARLAND E. BURRELL, JR.

15     United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation and Order
for Interlocutory Sale

**Exhibit A**

The real property situated in the County of Trinity, State of California, Described as follows:

Parcel No. 1:

Lot 1, Block 23 of Trinity Pines Subdivision, Unit 2, according to the Official Plat thereof recorded on August 28, 1968 in book 4 of Maps and Surveys pages 109-122 inclusive, in the Office of the County Recorder of Trinity County.

EXCEPTING THEREFROM one-half (1/2) of all oil, gas and minerals lying more than 500 feet below the surface thereof, but without the right of surface entry thereto, as reserved in the Deed recorded December 29, 1980 in book 214 of Official Records page 328.

Parcel No. 2:

Lot 2, Block 23 of Trinity Pines Subdivision, Unit 2, according to the Official Plat thereof recorded on August 28, 1968 in book 4 of Maps and Surveys pages 109-122 inclusive, in the Office of the County Recorder of Trinity County.

EXCEPTING THEREFROM one-half (1/2) of all oil, gas and minerals lying more than 500 feet below the surface thereof, but without the right of surface entry thereto, as reserved in the Deed recorded November 15, 1979 in book 205 of Official Records page 65.

Parcel No. 3:

Lot 4, Block 23 of Trinity Pines Subdivision, Unit 2, according to the Official Plat thereof recorded on August 28, 1968 in book 4 of Maps and Surveys pages 109-122 inclusive, in the Office of the County Recorder of Trinity County.

EXCEPTING THEREFROM one-half (1/2) of all oil, gas and minerals lying more than 500 feet below the surface thereof, but without the right of surface entry thereto, as reserved in the Deed recorded September 23, 1974 in book 166 of Official Records page 777.

Parcel No. 4:

Lot 5, Block 23 of Trinity Pines Subdivision, Unit 2, according to the Official Plat thereof recorded on August 28, 1968 in book 4 of Maps and Surveys pages 109-122 inclusive, in the Office of the County Recorder of Trinity County.

EXCEPTING THEREFROM one-half (1/2) of all oil, gas and minerals lying more than 500 feet below the surface thereof, but without the right of surface entry thereto, as reserved in the Deed recorded January 22, 1979 in book 197 of Official Records page

Stipulation and Order
for Interlocutory Sale

1   371.

2   Parcel No. 5:

3   Lot 6, Block 23 of Trinity Pines Subdivision, Unit 2, according
    to the Official Plat thereof recorded on August 28, 1968 in book
4   4 of Maps and Surveys pages 109-122 inclusive, in the Office of
    the County Recorder of Trinity County.

5

6   EXCEPTING THEREFROM one-half (1/2) of all oil, gas and minerals
    lying more than 500 feet below the surface thereof, but without
    the right of surface entry thereto, as reserved in the Deed
7   recorded July 24, 1978 in book 193 of Official Records page 57.

8   TOGETHER WITH a non-exclusive easement for ingress, egress and
    public utilities over those portions of all units of the Trinity
9   Pines Subdivision that are designated as private streets on the
    Maps thereof on file in the office of the County Recorder of
10  Trinity County, as described in the deed to Michael T. Sheehy, et
    ux, recorded December 29, 1980 in book 214 of Official Records
11  page 328.

12  Affects:  Parcel No. 1

13  TOGETHER WITH a non-exclusive easement for ingress, egress and
    public utilities over those portions of all units of the Trinity
14  Pines Subdivision that are designated as private streets on the
    Maps thereof on file in the office of the County Recorder of
15  Trinity County, as described in the deed to C. Max Dougherty, et
    ux, recorded November 15, 1979 in book 205 of Official Records
16  page 65.

17  Affects:  Parcel No. 2

18  TOGETHER WITH a non-exclusive easement for ingress, egress and
    public utilities over those portions of all units of the Trinity
19  Pines Subdivision that are designated as private streets on the
    Maps thereof on file in the office of the County Recorder of
20  Trinity County, as described in the deed to Felix V. Bastas, et
    al, recorded September 23, 1974 in book 166 of Official Records
21  page 777.

22  Affects:  Parcel No. 3

23  TOGETHER WITH a non-exclusive easement for ingress, egress and
    public utilities over those portions of all units of the Trinity
24  Pines Subdivision that are designated as private streets on the
    Maps thereof on file in the office of the County Recorder of
25  Trinity County, as described in the deed to C. Max Dougherty, et
    ux, recorded January 22, 1979 in book 197 of Official Records
26  page 371.

27  Affects:  Parcel No. 4

28  TOGETHER WITH a non-exclusive easement for ingress, egress and

public utilities over those portions of all units of the Trinity
Pines Subdivision that are designated as private streets on the
Maps thereof on file in the office of the County Recorder of
Trinity County, as described in the deed to Dan F. Wallace, et
ux, recorded July 24, 1978 in book 193 of Official Records page
57.

Affects:  Parcel No. 5

APN Nos: 019-530-23-00; 019-530-24-00; 019-530-26-00; 019-530-27-
00 and 019-530-28-00

Stipulation and Order
for Interlocutory Sale