1  BENJAMIN B. WAGNER
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone: (916) 554-2700

5  Attorneys for the United States

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,        )  2:11-CV-02738-GEB-DAD
                                    )
12                 Plaintiff,       )
                                    )  STIPULATION AND ORDER FOR
13      v.                          )  INTERLOCUTORY SALE OF
                                    )  DEFENDANT PROPERTIES
14 REAL PROPERTY LOCATED AT 105     )
   THREE HILLS ROAD, HAYFORK,       )
15 CALIFORNIA, TRINITY COUNTY,      )
   APN: 019-530-23-00 INCLUDING     )
16 ALL APPURTENANCES AND            )
   IMPROVEMENTS THERETO,            )
17                                  )
   REAL PROPERTY LOCATED AT 1150    )
18 CHROME MINE ROAD, HAYFORK,       )
   CALIFORNIA, TRINITY COUNTY,      )
19 APN: 019-530-24-00 INCLUDING     )
   ALL APPURTENANCES AND            )
20 IMPROVEMENTS THERETO,            )
                                    )
21 REAL PROPERTY LOCATED AT 241     )
   THREE HILLS ROAD, HAYFORK,       )
22 CALIFORNIA, TRINITY COUNTY,      )
   APN: 019-530-26-00 INCLUDING     )
23 ALL APPURTENANCES AND            )
   IMPROVEMENTS THERETO,            )
24                                  )
   REAL PROPERTY LOCATED AT 1180    )
25 CHROME MINE ROAD, HAYFORK,       )
   CALIFORNIA, TRINITY COUNTY,      )
26 APN: 019-530-27-00 INCLUDING     )
   ALL APPURTENANCES AND            )
27 IMPROVEMENTS THERETO, and        )
                                    )
28                                  )
                                    )

                        1

```
REAL PROPERTY LOCATED AT 1210    )
CHROME MINE ROAD, HAYFORK,       )
CALIFORNIA, TRINITY COUNTY,      )
APN: 019-530-28-00 INCLUDING     )
ALL APPURTENANCES AND            )
IMPROVEMENTS THERETO,            )
                                 )
            Defendants.          )
                                 )
_____)
```

The United States and claimants Lapoe Smith and Katherine Renee Smith hereby agree and stipulate to the following interlocutory sale pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

1.   The defendants in this action are described as real property located 105 Three Hills Road, Hayfork, California, Trinity County, APN: 019-530-23-00  (Parcel No. 1); 1150 Chrome Mine Road, Hayfork, California, Trinity County, APN: 019-530-24-00 (Parcel No. 2); 241 Three Hills Road, Hayfork, California, Trinity County, APN: 019-530-26-00 (Parcel No. 3); 1180 Chrome Mine Road, Hayfork, California, Trinity County, APN: 019-530-27-00 (Parcel No. 4); and 1210 Chrome Mine Road, Hayfork, California, Trinity County, APN: 019-530-28-00 (Parcel No. 5) including all appurtenances and improvements thereto and more fully described in Exhibit A attached hereto and incorporated herein by reference.

2.   On October 14, 2011, the United States filed a Verified Complaint for Forfeiture *In Rem* alleging that the defendant properties were subject to forfeiture on the grounds that the properties were involved in or traceable to a violation

1  of 31 U.S.C. § 5324(a)(3), or any conspiracy to commit such

2  violation, and are therefore subject to forfeiture to the United

3  States pursuant to 31 U.S.C. § 5317(c)(2); and the real

4  properties were used or intended to be used, in any manner or

5  part, to commit, or to facilitate the commission of, a violation

6  of 21 U.S.C. §§ 841 *et seq.*, an offense punishable by more than

7  one year's imprisonment, and are therefore subject to forfeiture

8  to the United States pursuant to 21 U.S.C. § 881(a)(7).

9       3.  The record owner of the defendant properties is Lapoe

10  Smith, a married man as his sole and separate property.

11      4.  Beginning on November 9, 2011, for at least 30

12  consecutive days, the United States published Notice of the

13  Forfeiture Action on the official internet government forfeiture

14  site www.forfeiture.gov.  A Declaration of Publication was filed

15  on December 23, 2011.

16      5.  On November 11, 2011, Lapoe Smith filed a Verified Claim

17  in this action.  Furthermore, on November 11, 2011, Katherine

18  Renee Smith filed a Verified Claim in this action.  On December

19  9, 2011, Lapoe Smith and Katherine Renee Smith filed a joint

20  Answer.  There are no liens against the defendant properties.

21      6.  In late 2011, the claimants placed the defendant

22  properties on the market to be sold with Sharon Eggleston Real

23  Estate.  On or about January 3, 2012, claimants accepted a sales

24  offer in the amount of $160,000.00 on the defendant properties.

25  Escrow is estimated to close in the middle of March 2012.  The

26  buyer of the defendant properties are Toua Cheng and Roger Vue.

27      7.  No other parties have filed claims or answers in this

28  action, and the time in which any person or entity may file a

claim and answer has expired.

8.   The parties herein agree that the proposed sale of defendant properties should proceed pursuant to Paragraphs 9 through 20 below.

9.   Claimants shall instruct the title/escrow officer, Sandy Pope of First American Title in Redding, California, to wire the net proceeds from the sale of the defendant properties to the U.S. Department of the Treasury and to contact the U.S. Attorney's Office, Asset Forfeiture Unit, to obtain specific wiring instructions.

10.   The net proceeds from the sale of the defendant properties will include all money realized from the sale of the defendant properties, except for the following: real estate commissions, amounts due to the holder of any valid lien which was recorded prior to the time the United States' *Lis Pendens* were recorded, real estate property taxes which are due and owing, insurance costs, and any other miscellaneous costs/fees incurred at closing through escrow.

11.   The net proceeds from the sale of the defendant properties shall be wired to the U.S. Department of the Treasury, at the close of escrow, to be deposited in the U.S. Department of the Treasury Suspense Account.  Said proceeds will be substituted as the res in this action and held pending further order of the Court.

12.   Claimants will retain custody, control, and responsibility of the defendant properties until the interlocutory sale that is the subject of this Stipulation has been completed.

Stipulation and Order
for Interlocutory Sale

13.  Each party to this Stipulation shall execute all documents and provide signatures necessary to close escrow, as required by the title company.

14.  All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting or sale of the defendant properties.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting or sale, as well as to those now known or disclosed.  The parties to this Stipulation waive the provisions of California Civil Code § 1542.

15.  Claimants shall maintain the defendant properties in the same condition and repair as existed as of the date of the posting, normal wear and tear excepted, until their custody, control and responsibility have ceased.  The term "maintain" shall include, but is not limited to, keeping the properties free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the properties clean and performing such necessary sanitation and waste removal; keeping the properties in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

16.  Claimants shall maintain all insurance policies currently in effect with respect to the defendant properties, including hazard insurance to cover all buildings and other improvements that are now located on the properties until the interlocutory sale is completed.  The insurance must cover loss

Stipulation and Order
for Interlocutory Sale

1   or damage caused by fire, hazards normally covered by "extended

2   coverage" hazard insurance policies, and liability to persons

3   injured on said properties and for property damage to the

4   defendant properties.

5        17.   Except as specifically provided herein, claimants shall

6   not convey, transfer, encumber, lien, or otherwise pledge the

7   defendant properties without the prior, written approval of the

8   United States.

9        18. All parties are to bear their own costs and attorneys'

10  fees.

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Stipulation and Order
for Interlocutory Sale

19.   Pending the sale of the property, and the disposition of the proceeds, the parties hereby stipulate that the U.S. District Court for the Eastern District of California, Hon. Garland E. Burrell, Jr., District Judge, shall retain jurisdiction to enforce the terms of this compromise settlement.

Dated: _2/27/12_                    BENJAMIN B. WAGNER
                                    United States Attorney


                              By:  /s/ Kevin C. Khasigian
                                   KEVIN C. KHASIGIAN
                                   Assistant U.S. Attorney


DATED: _2/21/12_                    /s/ LaPoe Smith
                                    LAPOE SMITH
                                    Claimant



                         ACKNOWLEDGMENT

State of ____Texas____ )
                       )
County of ____Bexar____ )

On __2/21/12____, before me,_David Zamarripa_____, Notary Public, personally appeared_LaPoe Smith_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

                              ┌─────────────────────────────────┐
                              │     DAVID H. ZAMARRIPA           │
                              │  Notary Public, State of Texas   │
Signature_/s/ David H. Zamarripa │  My Commission Expires        │
                              └─────────────────────────────────┘

///

///

///

1

2   DATED: 2/21/12               /s/ Katherine Smith
                                KATHERINE RENEE SMITH
3                               Claimant

4

5                         ACKNOWLEDGMENT

6   State of ____Texas____ )
                           )
7   County of ___Bexar___ )

8   On __2/21/12__, before me, __David Zamarripa__, Notary
    Public, personally appeared __Katherine R. Smith__, who proved
9   to me on the basis of satisfactory evidence to be the person(s)
    whose name(s) is/are subscribed to the within instrument and
10  acknowledged to me that he/she/they executed the same in
    his/her/their authorized capacity(ies), and that by his/her/their
11  signature(s) on the instrument the person(s), or the entity upon
    behalf of which the person(s) acted, executed the instrument.

12
    I certify under PENALTY OF PERJURY under the laws of the State of
13  California that the foregoing paragraph is true and correct.

14  WITNESS my hand and official seal.

15                                    DAVID H. ZAMARRIPA
                                   Notary Public, State of Texas
    Signature /s/ David H. Zamarripa    My Commission Expires
16

17

18

19  Dated: 2-24-12              /s/ David M. Michael
                                DAVID M. MICHAEL
20                              Attorney for claimants
                                Lapoe Smith and Katherine
21                              Renee Smith

22                              (Original signatures retained by
                                attorney)
23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Stipulation and Order
                                for Interlocutory Sale

## ORDER

1.   The defendant properties shall be sold pursuant to the terms set forth above in the Stipulation for Interlocutory Sale.

2.   The net proceeds from the sale of the defendant properties shall be deposited into the U.S. Department of the Treasury Suspense Account, substituted as the *res* herein, and held pending further order of the Court.

3.   The forfeiture action pending shall proceed against the substitute *res* in lieu of the defendant properties sold pursuant to this Stipulation.

IT IS SO ORDERED.

Dated:  February 29, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

**Exhibit A**

The real property situated in the County of Trinity, State of California, Described as follows:

Parcel No. 1:

Lot 1, Block 23 of Trinity Pines Subdivision, Unit 2, according to the Official Plat thereof recorded on August 28, 1968 in book 4 of Maps and Surveys pages 109-122 inclusive, in the Office of the County Recorder of Trinity County.

EXCEPTING THEREFROM one-half (1/2) of all oil, gas and minerals lying more than 500 feet below the surface thereof, but without the right of surface entry thereto, as reserved in the Deed recorded December 29, 1980 in book 214 of Official Records page 328.

Parcel No. 2:

Lot 2, Block 23 of Trinity Pines Subdivision, Unit 2, according to the Official Plat thereof recorded on August 28, 1968 in book 4 of Maps and Surveys pages 109-122 inclusive, in the Office of the County Recorder of Trinity County.

EXCEPTING THEREFROM one-half (1/2) of all oil, gas and minerals lying more than 500 feet below the surface thereof, but without the right of surface entry thereto, as reserved in the Deed recorded November 15, 1979 in book 205 of Official Records page 65.

Parcel No. 3:

Lot 4, Block 23 of Trinity Pines Subdivision, Unit 2, according to the Official Plat thereof recorded on August 28, 1968 in book 4 of Maps and Surveys pages 109-122 inclusive, in the Office of the County Recorder of Trinity County.

EXCEPTING THEREFROM one-half (1/2) of all oil, gas and minerals lying more than 500 feet below the surface thereof, but without the right of surface entry thereto, as reserved in the Deed recorded September 23, 1974 in book 166 of Official Records page 777.

Parcel No. 4:

Lot 5, Block 23 of Trinity Pines Subdivision, Unit 2, according to the Official Plat thereof recorded on August 28, 1968 in book 4 of Maps and Surveys pages 109-122 inclusive, in the Office of the County Recorder of Trinity County.

EXCEPTING THEREFROM one-half (1/2) of all oil, gas and minerals lying more than 500 feet below the surface thereof, but without the right of surface entry thereto, as reserved in the Deed recorded January 22, 1979 in book 197 of Official Records page

Stipulation and Order
for Interlocutory Sale

1  371.

2  Parcel No. 5:

3  Lot 6, Block 23 of Trinity Pines Subdivision, Unit 2, according
   to the Official Plat thereof recorded on August 28, 1968 in book
4  4 of Maps and Surveys pages 109-122 inclusive, in the Office of
   the County Recorder of Trinity County.

5

6  EXCEPTING THEREFROM one-half (1/2) of all oil, gas and minerals
   lying more than 500 feet below the surface thereof, but without
   the right of surface entry thereto, as reserved in the Deed
7  recorded July 24, 1978 in book 193 of Official Records page 57.

8  TOGETHER WITH a non-exclusive easement for ingress, egress and
   public utilities over those portions of all units of the Trinity
9  Pines Subdivision that are designated as private streets on the
   Maps thereof on file in the office of the County Recorder of
10 Trinity County, as described in the deed to Michael T. Sheehy, et
   ux, recorded December 29, 1980 in book 214 of Official Records
11 page 328.

12 Affects:  Parcel No. 1

13 TOGETHER WITH a non-exclusive easement for ingress, egress and
   public utilities over those portions of all units of the Trinity
14 Pines Subdivision that are designated as private streets on the
   Maps thereof on file in the office of the County Recorder of
15 Trinity County, as described in the deed to C. Max Dougherty, et
   ux, recorded November 15, 1979 in book 205 of Official Records
16 page 65.

17 Affects:  Parcel No. 2

18 TOGETHER WITH a non-exclusive easement for ingress, egress and
   public utilities over those portions of all units of the Trinity
19 Pines Subdivision that are designated as private streets on the
   Maps thereof on file in the office of the County Recorder of
20 Trinity County, as described in the deed to Felix V. Bastas, et
   al, recorded September 23, 1974 in book 166 of Official Records
21 page 777.

22 Affects:  Parcel No. 3

23 TOGETHER WITH a non-exclusive easement for ingress, egress and
   public utilities over those portions of all units of the Trinity
24 Pines Subdivision that are designated as private streets on the
   Maps thereof on file in the office of the County Recorder of
25 Trinity County, as described in the deed to C. Max Dougherty, et
   ux, recorded January 22, 1979 in book 197 of Official Records
26 page 371.

27 Affects:  Parcel No. 4

28 TOGETHER WITH a non-exclusive easement for ingress, egress and

public utilities over those portions of all units of the Trinity Pines Subdivision that are designated as private streets on the Maps thereof on file in the office of the County Recorder of Trinity County, as described in the deed to Dan F. Wallace, et ux, recorded July 24, 1978 in book 193 of Official Records page 57.

Affects:  Parcel No. 5

APN Nos: 019-530-23-00; 019-530-24-00; 019-530-26-00; 019-530-27-00 and 019-530-28-00

Stipulation and Order
for Interlocutory Sale