BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>REAL PROPERTY LOCATED AT 105 THREE HILLS ROAD, HAYFORK,  CALIFORNIA, TRINITY COUNTY, APN: 019-530-23-00 INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, et al.,<br><br>             Defendants. | 2:11-CV-02738-GEB-DAD<br><br>STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER<br><br>[6th request] |

The United States and claimants Lapoe Smith and Katherine Renee Smith, by and through their respective counsel, hereby stipulate that a stay is appropriate in the above entitled action, and request that the Court enter an order staying further proceedings for three months until July 6, 2015.

1.	This matter was previously stayed for three months on January 6, 2015, based on the federal criminal action against claimant Lapoe Smith, filed April 3, 2013 in the Western District of Texas, <u>United States v. Lapoe Smith</u>, Case No. 13-CR-0280.  In that federal indictment, Lapoe Smith was charged with one count of evading taxes in violation of 26 U.S.C. § 7201, from August 10, 2005 continuing to May 11, 2011; and four counts of subscribing a false tax return in violation of 26 U.S.C. § 7206(1), from April 2007 to October 2010.  That matter is currently pending before Chief Judge Fred Biery in the Western District of Texas.

1

2. Each of the claimants have filed claims and answers to the defendant properties, (ECF Nos. 5-6, 12), which were sold pursuant to an interlocutory sale in March 2013, (ECF No. 23). The net sale proceeds were deposited into a U.S. Treasury bank account and constitute the substitute *res*. ECF No. 23.

3. The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i).

4. Claimant Lapoe Smith has been charged with violations of federal tax laws, <u>United States v. Lapoe Smith</u>, Case No. 13-CR-0280, substantially based on the joint tax return filed on behalf of himself and co-claimant Katherine Smith. Claimant Katherine Smith has not been charged with any federal crimes and it is the parties' understanding that the statute of limitations has not expired on potential criminal charges relating to filing of the tax returns for the relevant years and/or the alleged tax evasion scheme. The United States intends to depose and request written discovery from claimants regarding their income and tax return information, as well as information regarding their financial ability to purchase the defendant properties in May 2010. If discovery proceeds at this time, these individuals, or some of them, will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves regarding their income and ability to purchase the property forming the basis of this civil *in rem* case. If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

5. Further, claimants intend to depose, among others, the agents involved with this investigation, including but not limited to the agents with the Internal Revenue Service. Allowing depositions of the law enforcement officers at this time would adversely affect the ability of the federal authorities to prepare for the criminal trial and/or further investigate the alleged underlying criminal conduct.

6. The parties recognize that proceeding with these actions at this time could have potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimants' ability to prove their claims to the defendant properties and to assert any defenses to forfeiture. For these reasons, the parties jointly request that these matters be stayed until July 6, 2015, in accordance with the

2

terms of this stipulation.  At that time the parties will advise the court of the status of the criminal case and will advise the court whether a further stay is appropriate.

7. Prior to the federal indictment against claimant Lapoe Smith, the United States planned to amend the complaint to reflect information learned during depositions taken on March 1, 2013.  The parties agree that any potential amendment to the complaint, based on the above information or otherwise, will be addressed by the Court when the stay expires.

8. The United States does not waive a potential challenge to each claim based on lack of statutory and/or Article III standing.  That issue of standing is preserved until the stay is lifted under 18 U.S.C. § 981(g)(7).

9. For good cause shown, any party to this stipulation may seek relief from this stay prior to July 6, 2015.

Dated: 4/3/15                                       BENJAMIN B. WAGNER
                                                    United States Attorney

                                       By:   /s/ Kevin C. Khasigian
                                             KEVIN C. KHASIGIAN
                                             Assistant U.S. Attorney

Dated: 4/2/15                                /s/ David M. Michael
                                             DAVID M. MICHAEL
                                             Attorney for claimants Lapoe Smith
                                             and Katherine Renee Smith
                                             (Authorized by email)

## ORDER

For the reasons set forth above, this matter is stayed until July 6, 2015.  For good cause shown, any party to the above stipulation may seek relief from this stay prior to July 6, 2015.  On or before that date, the parties will advise the Court whether a further stay is necessary.

**IT IS SO ORDERED.**
Dated:  April 3, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3

Stipulation to Stay Further
Proceedings and Order